Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Jennifer A. Kash (Bar No. 203679)
jenniferkash@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Plaintiff Yahoo! Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YAHOO! INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC, a Delaware corporation,<br><br>Defendant. | CASE NO. CV12-01212<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Yahoo! Inc. ("Yahoo!") complains and alleges as follows against Facebook, Inc. ("Facebook"):

## THE PARTIES

1. Plaintiff Yahoo! is a corporation organized under the laws of Delaware, with its principal place of business at 701 1st Avenue, Sunnyvale, CA 94089.

2. Upon information and belief, Facebook is a corporation organized under the laws of Delaware and has its principal place of business at 1601 Willow Road, Menlo Park, CA 94025. Upon information and belief, Facebook operates online networking services through its web portal FACEBOOK.COM, mobile applications, social plugins, and other tools in the United States.

## NATURE OF THE ACTION

3. This is an action for patent infringement.

4. Facebook has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe Yahoo!'s U.S. Patent No. 6,907,566 ("'566 patent"), U.S. Patent No. 7,100,111 ("'111 patent"), U.S. Patent No. 7,373,599 ("'599 patent"), U.S. Patent No. 7,668,861 ("'861 patent"), U.S. Patent No. 7,269,590 ("'590 patent"), U.S. Patent No. 7,599,935 ("'935 patent"), U.S. Patent No. 7,454,509 ("'509 patent"), U.S. Patent No. 5,983,227 ("'227 patent"), U.S. Patent No. 7,747,648 ("'648 patent"), and U.S. Patent No. 7,406,501 ("'501 patent") (collectively "the patents-in-suit").

## JURISDICTION AND VENUE

5. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Facebook for at least the following reasons: (i) Facebook maintains its principal place of business in this District; (ii) Facebook has designated an agent for service of process in the State of California; (iii) Facebook has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in California and the United States; (iv) Facebook regularly does business, solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District and in this State; and (v) Facebook has initiated litigation in this judicial District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Facebook does business in the State of California, has committed acts of infringement in this State and in this District, has a regular and established place of business in this District, and is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil L.R. 3-2(c), this case is appropriate for assignment on a district-wide basis because this is an Intellectual Property Action.

COMPLAINT FOR PATENT INFRINGEMENT

# FACTUAL BACKGROUND

## Yahoo!'s History

9. Since its founding in 1994 by two Stanford University electrical engineering graduate students, Jerry Yang and David Filo, Yahoo! has grown to become a premiere digital media and communications company. Yahoo! began as a directory of Internet websites. Before long, thousands of people were accessing the directory to identify useful websites. Yahoo! celebrated its first "million-hit day" in the fall of 1994, translating to almost 100 thousand unique visitors. Yahoo! registered the domain "www.yahoo.com" on January 18, 1995.

10. As it grew, Yahoo! diversified its product offerings beyond its original directory of websites. For example, Yahoo! pioneered the field of providing customized web pages when it launched My Yahoo! in 1996. My Yahoo! allows users to combine their favorite Yahoo! content feeds into a single page. Yahoo! continued its investment in My Yahoo!, launching an upgraded version in 2007. Further, in the late 1990s and early 2000s, Yahoo! began webhosting through Yahoo! GeoCities, online gaming through Yahoo! Games, and discussion boards known as Yahoo! Groups.

11. Yahoo! has also made significant advances and investments in the field of Internet social networks. On March 29, 2005, Yahoo! made available its blogging and social networking service, Yahoo! 360°. On March 20, 2005, Yahoo! acquired the photo sharing and social networking website, Flickr. In September 2007, Yahoo! launched the social network service Yahoo! Mash, and later introduced the social networking service Yahoo! Pulse and Yahoo! Profiles.

12. Yahoo! has, in addition, been a leading innovator in electronic messaging. Yahoo! inaugurated its web-mail service, Yahoo! Mail in 1997, which quickly grew to be one of the largest web-based email services in the world. Yahoo! has launched enhanced versions of Yahoo! Mail in 2007 and 2011. In 1998, Yahoo! released Yahoo! Messenger, its internet messaging client, under the name "Yahoo! Pager." When Yahoo! and Microsoft made their instant messaging clients interoperable in 2006, it created the world's second largest real-time

communication service. Yahoo! Integrated Yahoo! Messenger and Yahoo! Mail in 2009, allowing users to transform emails into instant messages.

13. As a result, Yahoo! is today a leading global Internet communications, commerce, and media company that offers a comprehensive branded network of services to users worldwide. Yahoo! offers a comprehensive network of online products, often free of charge—including in news, finance, social networking, search, e-mail, instant messaging, sports, and shopping—to a community of millions of daily users. Yahoo! has changed the way people communicate with each other, find and access information, and make purchases.

**Yahoo!'s Innovations**

14. Yahoo! has a long history of innovation. From the earliest days of its history, Yahoo! developed valuable new technologies that are still in widespread use today. Yahoo! filed its first application for a patent on June 12, 1997. That application, based on its MyYahoo! service, claimed a method for providing customized web pages using a user's preferences.

15. Yahoo!'s research and development has only grown since its inception. Since 1997, Yahoo! has filed thousands of applications for patents on innovative computing technologies that it has developed. Every year, Yahoo! spends hundreds of millions of dollars in research and development so that it can offer its users the most innovative products. From 2008 through 2010 alone, Yahoo! invested more than $3.3 billion in research and development.

16. Yahoo!'s research and development arm is Yahoo! Labs. Yahoo! Labs spearheads key initiatives with professors at the world's leading universities. Yahoo! Labs is responsible for research into the science of the Internet and for creating next generation Internet innovations. Although Yahoo! Labs is headquartered in Sunnyvale, California, it employs engineers and scientists in locations worldwide.

17. Yahoo!'s research and development successes have propelled Yahoo.com to become one of the world's most popular internet portals. Over 180 million unique users access Yahoo!'s websites every month.

### Yahoo!'s Patents-in-Suit

18.     The Patents-in-Suit are a reflection of Yahoo's research and development achievements. To build a successful website, users need to have easy access to many functions and tasks such as messaging and privacy options. The website owner needs revenue through functions such as advertising. All of these functions involve Yahoo!'s innovations. Without Yahoo!'s achievements, websites such as Facebook would not enjoy repeat visitors or substantial advertising revenue.

19.     Yahoo! recognized that website users are attracted to free services. But website operators need a way to generate revenue even when offering services for free. Yahoo!'s Advertising Patents claim effective methods of advertising, of generating advertisements that relate to users individually and increase revenue for website operators, and monitoring advertising clicks for potential click fraud. Representative Yahoo! patents include the '566; '111; '599; and '861, patents (collectively, "Yahoo!'s Advertising Patents").

20.     Privacy is important to users of websites. Users want to interact with websites, but at the same time, ensure that sensitive information is only shared with those the users choose. Indeed, without an assurance of privacy, many users would avoid certain websites. Yahoo! recognized the importance of privacy on the World Wide Web, and developed technology that allows users to customize how information is shared. Representative Yahoo! patents include the '590 and '935 patents (collectively, "Yahoo!'s Privacy Patents").

21.     Website users also want to be able to customize their experience according to their needs and interests. For example, a user who is not interested in sports may not want to see sports information highlighted on a website. On the other hand, a user interested in sports may wish that information to be the first information they encounter. Yahoo! engineers recognized the importance of customizing the user's experience. Representative Yahoo! patents include the '509, and '227 patents (collectively, "Yahoo!'s Customization Patents").

22.     The heart of many websites today is social networking. The World Wide Web allows users to reunite and stay connected in ways that they never could before. Yahoo! recognized the importance of social interaction on the Internet and developed technology that

allows users to customize information about themselves, join groups of others with the same interests as themselves, and share interesting information. A representative Yahoo! patent is the '648 patent ("Yahoo!'s Social Networking Patent").

23. As users connect with and meet new people online, they want to be able to communicate. Instant messaging, e-mail, and other messaging communication are vitally important to any social networking website, as is the ability to communicate with others who may not be communicating in the same forum. Yahoo!'s innovators recognized the need for users of a website to communicate with others through different forms of messaging. A representative Yahoo! patent includes the '501 patent ("Yahoo!'s Messaging Patent").

**Facebook's History**

24. Facebook was not launched until 2004, ten years after Yahoo! was founded. Facebook has since grown into one of the most widely trafficked sites on the Internet. That growth, however, has been based in large part on Facebook's use of Yahoo!'s patented technology. Mr. Mark Zuckerberg, Facebook's founder and CEO, has conceded that the design of Facebook is not novel and is based on the ideas of others. He has stated, "The thing that's been really surprising about the evolution of Facebook is—I think then and I think now—that if we didn't do this someone else would have done it." In Mr. Zuckerberg's view, "Getting there first is not what it's all about."

25. For much of the technology upon which Facebook is based, Yahoo! got there first and was therefore granted patents by the United State Patent Office to protect those innovations. Yahoo!'s patents relate to cutting edge innovations in online products, including in messaging, news feed generation, social commenting, advertising display, preventing click fraud, and privacy controls. These innovations dramatically improve user experience, privacy, and security and enhance the ability of advertisers to connect with users.

26. Facebook's entire social network model, which allows users to create profiles for and connect with, among other things, persons and businesses, is based on Yahoo!'s patented social networking technology. Prior to adopting Yahoo!'s patented social networking technology

in 2008, Facebook was considered one of the worst performing Internet sites for advertising.[1] Facebook's use of that social networking model has reportedly dramatically driven up Facebook's advertising click through rates.[2]

27.     One of Facebook's most popular features is the News Feed, launched in 2006, which is a dynamically created, customized web page based on the user's and his friends' preferences. The News Feed has been credited as the most popular feature on Facebook[3] and described as resulting in "skyrocketing" page views.[4] The News Feed's popularity, however, is directly linked to Facebook's infringement of Yahoo!'s Customization Patents. Similarly, Facebook's privacy controls, which are essential to its entire business model, practice Yahoo!'s Privacy Patents. Mr. Zuckerberg has described addressing privacy issues as "the biggest problem in social networking."[5] Facebook addresses the privacy problem by using Yahoo!'s Privacy Patents. Facebook therefore owes much of its popularity with Internet users to its unauthorized infringement of Yahoo!'s patents.

28.     The methods that Facebook uses to profit from the web traffic that Yahoo!'s technology facilitates also infringe Yahoo!'s Advertising Patents. Facebook generates nearly all of its revenue by selling advertisements on its webpage. The format of many of these advertisements, such as Facebook's Premium Video Comment Ads, was invented and patented by Yahoo! Further, many advertisements on Facebook are paid for on a "pay-per-click" basis – i.e., advertisers pay Facebook each time that a user clicks on an advertisement. Facebook chooses which ads to display to a user based in part upon how much the advertiser is willing to pay-per-

---

[1] Nick Denton, Facebook "Consistently the Worst Performing Site," Gawker (March 7, 2007), available at http://gawker.com/242234/advertising/facebook-consistently-the-worst-performing-site
[2] Kevin Kelleher, How Facebook Fixed the Social Advertising Problem (Nov. 22, 2010), available at http://tech.fortune.cnn.com/2010/11/22/how-facebook-fixed-the-social-advertising-problem/
[3] Andrew Lipsman et al., The Power of Like 8-9, ComScore (2011).
[4] Facebook News Feed, CrunchBase, available at http://www.crunchbase.com/product/facebook-news-feed.
[5] Farham Manjoo, Didn't Mean for You to See That, Grandma, Slate (Oct. 7, 2010), available at http://www.slate.com/id/2270323/.

COMPLAINT FOR PATENT INFRINGEMENT

click. Facebook then organizes the selected advertisements on the page in order to maximize advertising revenue. Facebook's methods for displaying and arranging advertisements, however, infringe Yahoo!'s Advertising Patents. Those patented methods have been shown to at least double the click-through rate for online advertisements and therefore dramatically increase the profitability of click-through advertising.

29. Facebook's use of a pay-per-click advertising model depends upon its ability to combat "click fraud" by distinguishing valid from invalid clicks. In a pay-per-click advertising model, competitors can drive up each others' costs by clicking on one another's advertisements with no actual intent to conduct business. The potential for "click fraud" therefore discourages businesses from advertising on Facebook, diminishes the reliability of its advertising model, and results in lawsuits by aggrieved advertisers. To combat click fraud, Facebook uses a variety of statistical methods to analyze the validity of advertising clicks. Those methods are, however, patented by Yahoo!. Facebook's pay-per-click advertising model and the majority of its revenue is therefore dependent on technology owned by Yahoo!.

30. Yahoo! is harmed by Facebook's use of Yahoo!'s patented technologies in a way that cannot be compensated for by payment of a royalty alone. Facebook's use of Yahoo!'s patented technologies has increased Facebook's revenue and market share because it does not have to recover the costs or time involved in the development of the technology. Yahoo!, in turn, must bear the costs of the development of the technology.

31. Even if Facebook were to subsequently pay past due royalties, it would still enjoy a market share it has developed during its period of "free riding" on Yahoo!'s intellectual property. Yahoo! would likewise lose its portion of the market share for this period. Due to the difficulty in predicting whether, if at all, such market share can be recovered, Yahoo!'s harm cannot be compensated by payment of past due royalties alone.

**FACEBOOK INFRINGES YAHOO!'S ADVERTISING PATENTS**

32. Yahoo!'s Advertising Patents claim methods and systems for advertising, placing advertisements on a web page in a manner according to click through rate and advertiser bid to maximize the revenue generated, and for identifying and preventing click fraud in such a pay-per-

-8-

click system. Facebook has infringed and continues to infringe Yahoo!'s Advertising Patents through at least its advertising platform, Facebook Ads.

### COUNT I: INFRINGEMENT OF THE '566 PATENT

33. Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-32 of this Complaint as though fully set forth herein.

34. Yahoo! is the owner of all rights, title, and interest in the '566 patent, entitled "Method and System for Optimum Placement of Advertisements on a Webpage," which was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on June 14, 2005. A copy of the '566 patent is attached as Exhibit 1.

35. Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and has been directly infringing the '566 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '566 patent, including without limitation, Facebook Ads. Facebook has had knowledge of the '566 patent from at least February 27, 2012, when Yahoo! notified Facebook of its infringement, and its infringement since at least that date has been willful.

36. As a result of Facebook's unlawful infringement of the '566 patent, Yahoo! has suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the damages suffered by Yahoo! as a result of its unlawful acts.

37. On information and belief, Facebook intends to continue its unlawful infringing activity, and Yahoo! continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Facebook from further infringing activities.

### COUNT II: INFRINGEMENT OF THE '111 PATENT

38. Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-32 of this Complaint as though fully set forth herein.

39. Yahoo! is the owner of all rights, title, and interest in the '111 patent, entitled "Method and System for Optimum Placement of Advertisements on a Webpage," which was duly

COMPLAINT FOR PATENT INFRINGEMENT

and properly issued by the USPTO on August 29, 2006. A copy of the '111 patent is attached as Exhibit 2.

40. Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and has been directly infringing the '111 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '111 patent, including without limitation, Facebook Ads. Facebook has had knowledge of the '111 patent from at least February 27, 2012, when Yahoo! notified Facebook of its infringement, and its infringement since at least that date has been willful.

41. As a result of Facebook's unlawful infringement of the '111 patent, Yahoo! has suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the damages suffered by Yahoo! as a result of its unlawful acts.

42. On information and belief, Facebook intends to continue its unlawful infringing activity, and Yahoo! continues to and will continue to suffer irreparable harm -- for which there is no adequate remedy at law -- from such unlawful infringing activities unless this Court enjoins Facebook from further infringing activities.

### COUNT III: INFRINGEMENT OF THE '599 PATENT

43. Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-32 of this Complaint as though fully set forth herein.

44. Yahoo! is the owner of all rights, title, and interest in the '599 patent, entitled "Method and System for Optimum Placement of Advertisements on a Webpage," which was duly and properly issued by the USPTO on May 13, 2008. A copy of the '599 patent is attached as Exhibit 3.

45. Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and has been directly and jointly infringing with its users and inducing infringement by its users of the '599 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '599 patent, including without limitation, Facebook Ads. Facebook has had knowledge of the '599 patent from

1  at least February 27, 2012, when Yahoo! notified Facebook of its infringement, and its
2  infringement since at least that date has been willful.

3      46.     As a result of Facebook's unlawful infringement of the '599 patent, Yahoo! has
4  suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the
5  damages suffered by Yahoo! as a result of its unlawful acts.

6      47.     On information and belief, Facebook intends to continue its unlawful infringing
7  activity, and Yahoo! continues to and will continue to suffer irreparable harm – for which there is
8  no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins
9  Facebook from further infringing activities.

## COUNT IV: INFRINGEMENT OF THE '861 PATENT

11    48.     Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-32
12  of this Complaint as though fully set forth herein.

13    49.     Yahoo! is the owner of all rights, title, and interest in the '861 patent, entitled
14  "System and Method To Determine the Validity of an Interaction on a Network," which was duly
15  and properly issued by the USPTO on February 23, 2010. A copy of the '861 patent is attached as
16  Exhibit 4.

17    50.     Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and
18  has been directly infringing the '861 patent by making, using, selling, and/or offering to sell in the
19  United States, or importing into the United States, products or processes that practice the
20  inventions claimed in the '861 patent, including without limitation, Facebook Ads. Facebook has
21  had knowledge of the '861 patent from at least February 27, 2012, when Yahoo! notified
22  Facebook of its infringement, and its infringement since at least that date has been willful.

23    51.     As a result of Facebook's unlawful infringement of the '861 patent, Yahoo! has
24  suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the
25  damages suffered by Yahoo! as a result of its unlawful acts.

26    52.     On information and belief, Facebook intends to continue its unlawful infringing
27  activity, and Yahoo! continues to and will continue to suffer irreparable harm – for which there is
28

no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Facebook from further infringing activities.

### FACEBOOK INFRINGES YAHOO!'S PRIVACY PATENTS

53. Yahoo!'s Privacy Patents claim methods and systems for managing the display of social network user information so that users can preserve personal privacy. Facebook has infringed and continues to infringe Yahoo!'s Privacy Patents through at least its privacy controls.

### COUNT V: INFRINGEMENT OF THE '590 PATENT

54. Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-31 & 53 of this Complaint as though fully set forth herein.

55. Yahoo! is the owner of all rights, title, and interest in the '590 patent, entitled "Method and System for Customizing Views of Information Associated with a Social Network User," which was duly and properly issued by the USPTO on September 11, 2007. A copy of the '590 patent is attached as Exhibit 5.

56. Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and has been directly infringing the '590 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '590 patent, including without limitation, Facebook's privacy controls. Facebook has had knowledge of the '590 patent from at least February 27, 2012, when Yahoo! notified Facebook of its infringement, and its infringement since at least that date has been willful.

57. As a result of Facebook's unlawful infringement of the '590 patent, Yahoo! has suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the damages suffered by Yahoo! as a result of its unlawful acts.

58. On information and belief, Facebook intends to continue its unlawful infringing activity, and Yahoo! continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Facebook from further infringing activities.

COMPLAINT FOR PATENT INFRINGEMENT

## COUNT VI: INFRINGEMENT OF THE '935 PATENT

59. Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-31 & 53 of this Complaint as though fully set forth herein.

60. Yahoo! is the owner of all rights, title, and interest in the '935 patent, entitled "Control for Enabling a User To Preview Display of Selected Content Based on Another User's Authorization Level," which was duly and properly issued by the USPTO on October 6, 2009. A copy of the '935 patent is attached as Exhibit 6.

61. Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and has been directly infringing the '935 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '935 patent, including without limitation, Facebook's privacy controls. Facebook has had knowledge of the '935 patent from at least February 27, 2012, when Yahoo! notified Facebook of its infringement, and its infringement since at least that date has been willful.

62. As a result of Facebook's unlawful infringement of the '935 patent, Yahoo! has suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the damages suffered by Yahoo! as a result of its unlawful acts.

63. On information and belief, Facebook intends to continue its unlawful infringing activity, and Yahoo! continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Facebook from further infringing activities.

## FACEBOOK INFRINGES YAHOO!'S CUSTOMIZATION PATENTS

64. Yahoo!'s Customization Patents claim methods and systems for creating custom data streams and web pages for users based on community and user preferences. Facebook has infringed and continues to infringe Yahoo!'s Customization Patents through at least the Facebook News Feed and the Facebook Wall.

## COUNT VII: INFRINGEMENT OF THE '509 PATENT

65. Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-31 & 64 of this Complaint as though fully set forth herein.

66. Yahoo! is the owner of all rights, title, and interest in the '509 patent, entitled "Online Playback System with Community Bias," which was duly and properly issued by the USPTO on November 18, 2008. A copy of the '509 patent is attached as Exhibit 7.

67. Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and has been directly infringing the '509 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '509 patent, including without limitation, Facebook News Feed. Facebook has had knowledge of the '509 patent from at least February 27, 2012, when Yahoo! notified Facebook of its infringement, and its infringement since at least that date has been willful.

68. As a result of Facebook's unlawful infringement of the '509 patent, Yahoo! has suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the damages suffered by Yahoo! as a result of its unlawful acts.

69. On information and belief, Facebook intends to continue its unlawful infringing activity, and Yahoo! continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Facebook from further infringing activities.

## COUNT VIII INFRINGEMENT OF THE '227 PATENT

70. Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-31 & 64 of this Complaint as though fully set forth herein.

71. Yahoo! is the owner of all rights, title, and interest in the '227 patent, entitled "Dynamic Page Generator," which was duly and properly issued by the USPTO on November 9, 2009. A copy of the '227 patent is attached as Exhibit 8.

72. Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and has been directly infringing the '227 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '227 patent, including without limitation, Facebook News Feed and Facebook Wall. Facebook has had knowledge of the '227 patent from at least February 27, 2012,

1 | when Yahoo! notified Facebook of its infringement, and its infringement since at least that date
2 | has been willful.

3 | 73. As a result of Facebook's unlawful infringement of the '227 patent, Yahoo! has suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the damages suffered by Yahoo! as a result of its unlawful acts.

74. On information and belief, Facebook intends to continue its unlawful infringing activity, and Yahoo! continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Facebook from further infringing activities.

## **FACEBOOK INFRINGES YAHOO!'S SOCIAL NETWORKING PATENT**

75. Yahoo!'s Social Networking Patent claims a method and system using a world model containing entity models for, among other things, people and businesses. Facebook has infringed and continues to infringe Yahoo!'s Social Networking Patent through at least Facebook Pages and Facebook Groups.

## **COUNT IX: INFRINGEMENT OF THE '648 PATENT**

76. Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-31 & 75 of this Complaint as though fully set forth herein.

77. Yahoo! is the owner of all rights, title, and interest in the '648 patent, entitled "World Modeling Using a Relationship Network with Communication Channels to Entities," which was duly and properly issued by the USPTO on June 29, 2010. A copy of the '648 patent is attached as Exhibit 9.

78. Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and has been directly infringing the '648 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '648 patent, including without limitation, Facebook Pages and Facebook Groups. Facebook has had knowledge of the '648 patent from at least February 27, 2012, when Yahoo! notified Facebook of its infringement, and its infringement since at least that date has been willful.

COMPLAINT FOR PATENT INFRINGEMENT

79. As a result of Facebook's unlawful infringement of the '648 patent, Yahoo! has suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the damages suffered by Yahoo! as a result of its unlawful acts.

80. On information and belief, Facebook intends to continue its unlawful infringing activity, and Yahoo! continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Facebook from further infringing activities.

### FACEBOOK INFRINGES YAHOO!'S MESSAGING PATENT

81. Yahoo!'s Messaging Patent claims a method and system for allowing an instant messenger user to exchange messages with an email user. Facebook has infringed and continues to infringe Yahoo!'s patent rights through at least Facebook Messages.

### COUNT X: INFRINGEMENT OF THE '501 PATENT

82. Yahoo! realleges and incorporates by reference the allegations of Paragraphs 1-31 & 81 of this Complaint as though fully set forth herein.

83. Yahoo! is the owner of all rights, title, and interest in the '501 patent, entitled "System and Method for Instant Messaging Using an E-Mail Protocol," which was duly and properly issued by the USPTO on July 29, 2008. A copy of the '501 patent is attached as Exhibit 10.

84. Upon information and belief, in violation of 35 U.S.C. § 271, Facebook is and has been directly infringing the '501 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '501 patent, including without limitation, Facebook Messages. Facebook has had knowledge of the '501 patent from at least February 27, 2012, when Yahoo! notified Facebook of its infringement, and its infringement since at least that date has been willful.

85. As a result of Facebook's unlawful infringement of the '501 patent, Yahoo! has suffered and will continue to suffer damage. Yahoo! is entitled to recover from Facebook the damages suffered by Yahoo! as a result of its unlawful acts.

86. On information and belief, Facebook intends to continue its unlawful infringing activity, and Yahoo! continues to and will continue to suffer irreparable harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Facebook from further infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Yahoo! prays for the following relief:

A. That Facebook be declared to have willfully infringed, induced others to infringe and/or committed acts of contributory infringement with respect to the claims of the patents-in-suit as alleged above;

B. That Facebook and its officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be immediately, preliminarily and permanently enjoined from further infringement of the patents-in-suit;

C. That Facebook be ordered to account for and pay to Yahoo! all damages caused to Yahoo! by reason of Facebook's infringement of the patents-in-suit pursuant to 35 U.S.C. § 284 and that such damages be trebled in view of the willful and deliberate nature of the infringement;

D. That Yahoo! be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Facebook's infringement of the patents-in-suit;

E. That Facebook be ordered to pay all costs associated with this action; and

F. That Yahoo! be granted such other and additional relief as the Court deems just and proper.

COMPLAINT FOR PATENT INFRINGEMENT

DATED: March 12, 2012

Respectfully submitted,

By: _____
Charles K. Verhoeven
Jennifer A. Kash
Kevin A. Smith
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600

Attorneys for Plaintiff Yahoo! Inc.

COMPLAINT FOR PATENT INFRINGEMENT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: March 12, 2012

Respectfully submitted,

By _____
Charles K. Verhoeven
Jennifer A. Kash
Kevin A. Smith
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600

Attorneys for Plaintiff Yahoo! Inc.