COOLEY LLP
STEPHEN C. NEAL (170085)
(nealsc@cooley.com)
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
5 Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:    (650) 843-5000
Facsimile:     (650) 849-7400

Attorneys for Defendant
FACEBOOK, INC.

WILMER CUTLER PICKERING
HALE AND DORR LLP
WILLIAM F. LEE (*Pro Hac Vice* Pending)
(william.lee@wilmerhale.com)
CYNTHIA D. VREELAND (*Pro Hac Vice* Pending)
(cynthia.vreeland@wilmerhale.com)
60 State Street
Boston, MA  02109
Telephone:    (617) 526-6000
Facsimile:     (617) 526-5000

MARK D. SELWYN (244180)
(mark.selwyn@wilmerhale.com)
JOSEPH F. HAAG (248749)
(joseph.haag@wilmerhale.com)
950 Page Mill Road
Palo Alto, CA  94304
Telephone:    (650) 858-6000
Facsimile:     (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YAHOO! INC.,<br><br>                   Plaintiff,<br><br>        v.<br><br>FACEBOOK, INC.,<br><br>                   Defendant.<br><br><br>FACEBOOK, INC.,<br><br>                   Counterclaim-plaintiff,<br><br>        v.<br><br>YAHOO! INC.,<br><br>                   Counterclaim-defendant. | Case No.  CV-12-01212-JSW<br><br>**DEFENDANT FACEBOOK, INC.'S ANSWER; COUNTERCLAIM AGAINST YAHOO! INC. FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Cooley LLP
Attorneys At Law
Palo Alto

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

Defendant Facebook, Inc. ("Facebook") hereby submits the following Answer to the Complaint for Patent Infringement of Yahoo! Inc. ("Yahoo!").  Facebook's Counterclaim for Patent Infringement against Yahoo! is set forth below following the Answer.

### THE PARTIES

1.      Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

2.      Facebook admits that it is a Delaware corporation with its principal place of business at 1601 Willow Road, Menlo Park, California 94025.  Facebook admits it operates a website at www.facebook.com as well as associated mobile applications and social plugins.  Except as expressly admitted herein, Facebook denies the remaining allegations of this paragraph.

### NATURE OF THE ACTION

3.      This paragraph contains a legal conclusion to which no response is required.

4.      Facebook denies the allegations set forth in this paragraph.

### JURISDICTION AND VENUE

5.      This paragraph contains legal conclusions to which no response is required.

6.      Facebook admits that this Court has personal jurisdiction over Facebook.  Facebook denies that it has committed any acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this or any other District.

7.      Facebook admits that venue is proper in this judicial district.

### INTRADISTRICT ASSIGNEMENT

8.       This paragraph contains legal conclusions to which no response is required.

### FACTUAL BACKGROUND

**Yahoo!'s History**

9.      This paragraph of the Complaint consists of allegations regarding Yahoo! that Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies the allegations of this paragraph.

10.      This paragraph of the Complaint consists of allegations regarding Yahoo! that Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

1   allegations of this paragraph.

2         11.   This paragraph of the Complaint consists of allegations regarding Yahoo! that

3   Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies the

4   allegations of this paragraph.

5         12.   This paragraph of the Complaint consists of allegations regarding Yahoo! that

6   Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies the

7   allegations of this paragraph.

8         13.   This paragraph of the Complaint consists of allegations regarding Yahoo! that

9   Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies the

10   allegations of this paragraph.

11            **Yahoo!'s Alleged Innovations**

12         14.   This paragraph of the Complaint consists of allegations regarding Yahoo! that

13   Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies the

14   allegations of this paragraph.

15         15.   This paragraph of the Complaint consists of allegations regarding Yahoo! that

16   Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies the

17   allegations of this paragraph.

18         16.   This paragraph of the Complaint consists of allegations regarding Yahoo! that

19   Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies the

20   allegations of this paragraph.

21         17.   This paragraph of the Complaint consists of allegations regarding Yahoo! that

22   Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies the

23   allegations of this paragraph.

24            **Yahoo!'s Patents-in-Suit**

25         18.   Facebook admits that messaging and privacy are offered as options on certain

26   websites.  Facebook denies that "[w]ithout Yahoo!'s achievements, websites such as Facebook

27   would not enjoy repeat visitors or substantial advertising revenue."  Facebook further denies that

28   the functions identified in this paragraph of the Complaint involved any innovation by Yahoo!.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

19.     Facebook admits that website operators who offer services for free may seek to generate revenue through other means, such as advertising.   The remaining allegations of this paragraph consist of assertions regarding Yahoo! that Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies them.

20.     Facebook admits that Internet users may regard privacy as important in connection with their use of certain websites, and that some users of certain websites may want to ensure that sensitive information shared on those sites is shared only with specific users.   As to practices and features of individual websites or the preferences of individual Internet users, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.   The remaining allegations of this paragraph consist of assertions regarding Yahoo! that Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies them.

21.     Facebook admits that users of some websites may wish to customize their experiences according to their needs and interests.    As to preferences of individual users, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.   The remaining allegations of this paragraph consist of assertions regarding Yahoo! that Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies them.

22.     Facebook admits that some websites incorporate social features, and that the Internet enables many forms of communication.   The remaining allegations of this paragraph consist of assertions regarding Yahoo! that Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies them.

23.     Facebook admits that users who connect with and meet new people online may wish to communicate with them, and that instant messaging and e-mail are available means of communication on certain websites.   As to preferences of individual users, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph,

Cooley LLP
Attorneys At Law
Palo Alto

3.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

and on that basis denies them. The remaining allegations of this paragraph consist of assertions regarding Yahoo! that Facebook lacks sufficient information to admit or deny, and on that basis, Facebook denies them.

**Facebook's History**

24. Facebook admits that it was founded in 2004, that it is a widely trafficked web site, and that Mr. Mark Zuckerberg is its founder and CEO. Facebook admits that the New Yorker magazine in an article dated September 20, 2010 attributed the following statement to Mr. Zuckerberg: "The thing that's been really surprising about the evolution of Facebook is—I think then and now—that if we didn't do this someone else would have done it." Facebook denies the remaining allegations in this paragraph.

25. Facebook admits that Yahoo! has been granted certain patents. Facebook denies the remaining allegations in this paragraph.

26. Facebook denies the allegations set forth in this paragraph.

27. Facebook admits that it has a feature called News Feed, which was launched in 2006, and that Facebook has privacy settings. Facebook denies Yahoo!'s characterizations of certain statements made in third party publications, as the publications speak for themselves. Facebook denies the remaining allegations set forth in this paragraph.

28. Facebook admits it generates revenue through the sale of ads, that it offers a number of methods by which ads can be purchased, and that certain ads on Facebook may be charged on a CPC (cost per click) basis. Facebook denies the remaining allegations set forth in this paragraph.

29. Facebook admits that it takes steps to prevent fraudulent actions taken with respect to advertisements on Facebook. Facebook denies the remaining allegations set forth in this paragraph.

30. Facebook denies the allegations set forth in this paragraph.

31. Facebook denies the allegations set forth in this paragraph.

//

//

Cooley LLP
Attorneys At Law
Palo Alto

4.

Facebook, Inc.'s Answer and
Counterclaims
CV-12-01212-JSW

## YAHOO!'S ALLEGATIONS OF INFRINGEMENT:

## THE '566, '111, '599, AND '861 PATENTS

32.     Facebook denies the allegations in this paragraph.

### COUNT I

### (ALLEGED INFRINGEMENT OF THE '566 PATENT)

33.     Facebook incorporates by reference paragraphs 1-32 of this Answer and Counterclaim as if fully set forth herein.

34.     Facebook admits that a copy of U.S. Patent No. 6,907,566 (the "'566 patent") was attached to the Complaint as Exhibit 1.  Facebook admits that the '566 patent bears an issuance date of June 14, 2005 and a title of "Method and System for Optimum Placement of Advertisements on a Webpage."  Facebook denies the remaining allegations of this paragraph.

35.     Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook obtain a license to the '566 patent, among others.  Facebook denies the remaining allegations of this paragraph.

36.     Facebook denies the allegations set forth in this paragraph.

37.     Facebook denies the allegations set forth in this paragraph.

### COUNT II

### (ALLEGED INFRINGEMENT OF THE '111 PATENT)

38.     Facebook incorporates by reference paragraphs 1-32 of this Answer and Counterclaim as if fully set forth herein.

39.     Facebook admits that a copy of U.S. Patent No. 7,100,111 (the "'111 patent") was attached to the Complaint as Exhibit 2.  Facebook admits that the '111 patent bears an issuance date of August 29, 2006 and a title of "Method and System for Optimum Placement of Advertisements on a Webpage."  Facebook denies the remaining allegations of this paragraph.

40.     Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook take a license to the '111 patent, among others.  Facebook denies the remaining allegations of this paragraph.

41.     Facebook denies the allegations set forth in this paragraph.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

42.     Facebook denies the allegations set forth in this paragraph.

**COUNT III**

**(ALLEGED INFRINGEMENT OF THE '599 PATENT)**

43.     Facebook incorporates by reference paragraphs 1-32 of this Answer and Counterclaim as if fully set forth herein.

44.     Facebook admits that a copy of U.S. Patent No. 7,373,599 (the "'599 patent") was attached to the Complaint as Exhibit 3.  Facebook admits that the '599 patent bears an issuance date of May 13, 2008 and a title of "Method and System for Optimum Placement of Advertisements on a Webpage."  Facebook denies the remaining allegations of this paragraph.

45.     Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook take a license to the '599 patent, among others.  Facebook denies the remaining allegations of this paragraph.

46.     Facebook denies the allegations set forth in this paragraph.

47.     Facebook denies the allegations set forth in this paragraph.

**COUNT IV**

**(ALLEGED INFRINGEMENT OF THE '861 PATENT)**

48.     Facebook incorporates by reference paragraphs 1-32 of this Answer and Counterclaim as if fully set forth herein.

49.     Facebook admits that a copy of U.S. Patent No. 7,668,861 (the "'861 patent") was attached to the Complaint as Exhibit 4.  Facebook admits that the '861 patent bears an issuance date of February 23, 2010 and a title of "System and Method To Determine the Validity of an Interaction on a Network."  Facebook denies the remaining allegations of this paragraph.

50.     Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook take a license to the '861 patent, among others.  Facebook denies the remaining allegations of this paragraph.

51.     Facebook denies the allegations set forth in this paragraph.

52.     Facebook denies the allegations set forth in this paragraph.

//

Cooley LLP
Attorneys At Law
Palo Alto

6.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

**YAHOO!'S ALLEGATIONS OF INFRINGEMENT: THE '590 AND '935 PATENTS**

53.   Facebook denies the allegations in this paragraph.

**COUNT V**

**(ALLEGED INFRINGEMENT OF THE '590 PATENT)**

54.   Facebook incorporates by reference paragraphs 1-31 and 53 of this Answer and Counterclaim as if fully set forth herein.

55.   Facebook admits that a copy of U.S. Patent No. 7,269,590 (the "'590 patent") was attached to the Complaint as Exhibit 5.  Facebook admits that the '590 patent bears an issuance date of September 11, 2007 and a title of "Method and System for Customizing Views of Information Associated with a Social Network User."  Facebook denies the remaining allegations of this paragraph.

56.   Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook take a license to the '590 patent, among others.  Facebook denies the remaining allegations of this paragraph.

57.   Facebook denies the allegations set forth in this paragraph.

58.   Facebook denies the allegations set forth in this paragraph.

**COUNT VI**

**(ALLEGED INFRINGEMENT OF THE '935 PATENT)**

59.   Facebook incorporates by reference paragraphs 1-31 and 53 of this Answer and Counterclaim as if fully set forth herein.

60.   Facebook admits that a copy of U.S. Patent No. 7,599,935 (the "'935 patent") was attached to the Complaint as Exhibit 6.  Facebook admits that the '935 patent bears an issuance date of October 6, 2009 and a title of "Control for Enabling a User to Preview Display of Selected Content Based on Another User's Authorization Level."   Facebook denies the remaining allegations of this paragraph.

61.   Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook take a license to the '935 patent, among others.  Facebook denies the remaining allegations of this paragraph.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

62.     Facebook denies the allegations set forth in this paragraph.

63.     Facebook denies the allegations set forth in this paragraph.

**YAHOO!'S ALLEGATIONS OF INFRINGEMENT: THE '509 AND '227 PATENTS**

64.     Facebook denies the allegations in this paragraph.

**COUNT VII**

**(INFRINGEMENT OF THE '509 PATENT)**

65.     Facebook incorporates by reference paragraphs 1-31 and 64 of this Answer and Counterclaim as if fully set forth herein.

66.     Facebook admits that a copy of U.S. Patent No. 7,454,509 (the "'509 patent") was attached to the Complaint as Exhibit 7.  Facebook admits that the '509 patent bears an issuance date of November 18, 2008 and a title of "Online Playback System with Community Bias." Facebook denies the remaining allegations of this paragraph.

67.     Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook take a license to the '509 patent, among others.  Facebook denies the remaining allegations of this paragraph.

68.     Facebook denies the allegations set forth in this paragraph.

69.     Facebook denies the allegations set forth in this paragraph.

**COUNT VIII**

**(ALLEGED INFRINGEMENT OF THE '227 PATENT)**

70.     Facebook incorporates by reference paragraphs 1-31 and 64 of this Answer and Counterclaim as if fully set forth herein.

71.     Facebook admits that a copy of U.S. Patent No. 5,983,227 (the "'227 patent") was attached to the Complaint as Exhibit 8.  Facebook admits that the '227 patent bears an issuance date of November 9, 1999 and a title of "Dynamic Page Generator."   Facebook denies the remaining allegations of this paragraph.

72.     Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook take a license to the '227 patent, among others.  Facebook denies the remaining allegations of this paragraph.

Cooley LLP
Attorneys At Law
Palo Alto

8.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

73.     Facebook denies the allegations set forth in this paragraph.

74.     Facebook denies the allegations set forth in this paragraph.

**COUNT IX**

**(ALLEGED INFRINGEMENT OF THE '648 PATENT)**

75.     Facebook denies the allegations set forth in this paragraph.

76.     Facebook incorporates by reference paragraphs 1-31 and 75 of this Answer and Counterclaim as if fully set forth herein.

77.     Facebook admits that a copy of U.S. Patent No. 7,747,648 (the "'648 patent") was attached to the Complaint as Exhibit 9.  Facebook admits that the '648 patent bears an issuance date of June 29, 2010 and a title of "World Modeling Using a Relationship Network with Communication Channels to Entities."   Facebook denies the remaining allegations of this paragraph.

78.     Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook take a license to the '648 patent, among others.  Facebook denies the remaining allegations of this paragraph.

79.     Facebook denies the allegations set forth in this paragraph.

80.     Facebook denies the allegations set forth in this paragraph.

**COUNT X**

**(ALLEGED INFRINGEMENT OF THE '501 PATENT)**

81.     Facebook denies the allegations set forth in this paragraph.

82.     Facebook incorporates by reference paragraphs 1-31 and 81 of this Answer and Counterclaim as if fully set forth herein.

83.     Facebook admits that a copy of U.S. Patent No. 7,406,501 (the "'501 patent") was attached to the Complaint as Exhibit 10.  Facebook admits that the '501 patent bears an issuance date of July 29, 2008 and a title of "System and Method for Instant Messaging Using an E-Mail Protocol."  Facebook denies the remaining allegations of this paragraph.

84.     Facebook admits that it received a letter from Yahoo! dated February 27, 2012 in which Yahoo! insisted that Facebook take a license to the '501 patent, among others.  Facebook

Cooley LLP
Attorneys At Law
Palo Alto

1   denies the remaining allegations of this paragraph.

2       85.    Facebook denies the allegations set forth in this paragraph.

3       86.    Facebook denies the allegations set forth in this paragraph.

4   ### YAHOO!'S PRAYER FOR RELIEF

5   Facebook incorporates by reference all preceding paragraphs of this Answer and

6   Counterclaim as if fully set forth herein.  Facebook denies that Yahoo! is entitled to any relief

7   sought in Yahoo!'s Prayer for Relief against Facebook.

8   ### DEMAND FOR JURY TRIAL

9   Facebook demands a jury trial for all issues so triable.

10   ### AFFIRMATIVE DEFENSES

11   To the extent not expressly admitted above, the factual allegations contained in the

12   Complaint are denied.  Without altering any applicable burdens of proof, Facebook alleges the

13   following affirmative defenses:

14   ### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

15       1.    Facebook does not infringe and has not infringed any claim of the '566 patent, the

16   '111 patent, the '599 patent, the '861 patent, the '590 patent, the '935 patent, the '509 patent, the

17   '227 patent, the '648 patent, or the '501 patent.

18   ### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

19       2.    One or more of the claims of the '566 patent, the '111 patent, the '599 patent, the

20   '861 patent, the '590 patent, the '935 patent, the '509 patent, the '227 patent, the '648 patent, and

21   the '501 patent are invalid for failure to satisfy the conditions of patentability set forth in 35

22   U.S.C. § 101, 102, 103, and/or 112.

23   ### THIRD AFFIRMATIVE DEFENSE – LIMITATION OF DAMAGES

24       3.    Yahoo!'s recovery for damages for at least the '227 patent and the '566 patent is

25   limited pursuant to 35 U.S.C. § 286.

26   ### FOURTH AFFIRMATIVE DEFENSE – LACHES, EQUITABLE ESTOPPEL, WAIVER

27       4.    Yahoo!'s claims are barred, in whole or in part, by the doctrine of laches and/or

28   equitable estoppel and/or waiver.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

**FIFTH AFFIRMATIVE DEFENSE – FAILURE TO MARK**

5.      Yahoo!'s pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF**

6.      Yahoo!'s demand to enjoin Facebook is barred, as Yahoo! has suffered neither harm nor irreparable harm from Facebook's actions.

**SEVENTH AFFIRMATIVE DEFENSE - LICENSE**

7.      Yahoo!'s claims are barred, in whole or in part, because Facebook has an express and/or implied license under one of more of the patents-in-suit.

**EIGHTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

8.      The Complaint fails to state a claim upon which relief can be granted.

Facebook reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedures, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

**COUNTERCLAIM FOR PATENT INFRINGEMENT AGAINST YAHOO!**

Facebook, Inc. ("Facebook") by and through its undersigned counsel, alleges the following counterclaim against Yahoo! Inc. ("Yahoo!") for infringement of U.S. Patent No. 7,827,208 (the "'208 patent"), U.S. Patent No. 7,945,653 (the "'653 patent"), U.S. Patent No. 6,288,717 (the "'717 patent"), U.S. Patent No. 6,216,133 (the "'133 patent"), U.S. Patent No. 6,411,949 (the "'949 patent), U.S. Patent No. 6,236,978 (the "'978 patent"), U.S. Patent No. 7,603,331 (the "'331 patent"), U.S. Patent No. 8,103,611 (the "'611 patent"), U.S. Patent No. 8,005,896 (the "'896 patent"), and U.S. Patent No. 8,150,913 (the "'913 patent") all assigned to Facebook (the "Facebook patents-in-suit"):

**THE PARTIES**

1.      Facebook is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1601 Willow Road, Menlo Park, California 94025.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

11.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

2.       Facebook is informed and believes, and on that basis alleges, that counterclaim-defendant Yahoo! is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

## JURISDICTION AND VENUE

3.       This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.   This Court has exclusive subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1338(a).

4.       This Court has personal jurisdiction over Yahoo! because Yahoo! maintains its principal place of business in this District, does business in this District and has committed acts of infringement in this District and elsewhere.   Yahoo! also consented to personal jurisdiction by filing the Complaint in this action.   Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and § 1400(b).

## YAHOO!'S INFRINGEMENT OF FACEBOOK'S PATENTS

5.       Yahoo! infringes the Facebook patents-in-suit through, by way of example and not limitation, the Yahoo! Home Page, Yahoo!'s Content Optimization and Relevance Engine ("C.O.R.E."), the Yahoo! Flickr photo sharing service, and advertisements displayed throughout Yahoo! including on My Yahoo!, Yahoo! Finance, Yahoo! Sports, Yahoo! News, Yahoo! Games, Yahoo! Movies, Yahoo! Shopping, Yahoo! Travel, Yahoo! Autos, and Flickr.   According to Yahoo! advertisements contributed 80% of Yahoo!'s revenue in 2011 accounting for more than $4 billion dollars.[1]   Yahoo claims a 300% increase in click-throughs on the Yahoo! Home Page since launching its C.O.R.E. system[2], which it says "personalizes 2.2 billion pieces of content for Yahoo! Users" every day and is used across all of its services.   Yahoo! claims that Flickr has over 51 million registered users and over 80 million unique visitors worldwide.[3]   Yahoo! claims that Yahoo! News and Yahoo! Sports are the most popular news and sports sites in the United States.[4]

---

[1] *See* United States Securities and Exchange Commission, Form 10-K for Yahoo! Inc. for Year Ending December 31, 2011.
[2] *See* http://www.webpronews.com/yahoo-blake-irving-2012-03.
[3] *See* http://advertising.yahoo.com/article/flickr.html.
[4] *See* http://advertising.yahoo.com/article/yahoo-news.html, http://advertising.yahoo.com/article/yahoo-sports.html.

CooLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT ONE**

**(Infringement by Yahoo! of U.S. Patent No. 7,827,208)**

6.      Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim as if fully set forth herein.

7.      Facebook is the owner of all right, title, and interest in U.S. Patent No. 7,827,208 ("'208 patent"), entitled "Generating a Feed of Stories Personalized for Members of a Social Network," issued by the U.S. Patent and Trademark Office on November 2, 2010.  A true and correct copy of the '208 patent is attached as **Exhibit A.**

8.      Yahoo! has infringed and is continuing to infringe the '208 patent by making, using, selling and/or offering to sell in the United States, or importing into the United States, products or processes that practice the '208 patent in violation of 35 U.S.C. § 271(a), including without limitation the Photostream, Recent Activity and Groups Activity on the Yahoo! Flickr photo sharing service.

9.      Yahoo!'s infringement of the '208 patent has caused and will continue to cause damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284. Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

**COUNT TWO**

**(Infringement by Yahoo! of U.S. Patent No. 7,945,653)**

10.      Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim as if fully set forth herein.

11.      Facebook is the owner of all right, title, and interest in U.S. Patent No. 7,945,653 (the "'653 patent"), entitled "Tagging Digital Media," issued by the U.S. Patent and Trademark Office on May 17, 2011.  A true and correct copy of the '653 patent is attached as **Exhibit B**.

12.      Yahoo! has infringed and is continuing to infringe the '653 patent by making, using, selling and/or offering to sell in the United States, or importing into the United States, products or processes that practice the '653 patent in violation of 35 U.S.C. § 271(a), including without limitation the People in Photos feature on the Yahoo! Flickr photo sharing service.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

13.     Yahoo!'s infringement of the '653 patent has caused and will continue to cause damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284. Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

**COUNT THREE**

**(Infringement by Yahoo! of U.S. Patent No. 6,288,717)**

14.     Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim as if fully set forth herein.

15.     Facebook is the owner of all right, title, and interest in U.S. Patent No. 6,288,717 (the "'717 patent"), entitled "Headline Posting Algorithm," issued by the U.S. Patent and Trademark Office on September 11, 2001.  A true and correct copy of the '717 patent is attached as **Exhibit C**.

16.     Yahoo! has infringed and is continuing to infringe the '717 patent by making, using, selling and/or offering to sell in the United States, or importing into the United States, products or processes that practice the '717 patent in violation of 35 U.S.C. § 271(a), including without limitation the Yahoo! Home Page (www.yahoo.com) and all other Yahoo! home pages that use C.O.R.E. to identify items for display.

17.     Yahoo!'s infringement of the '717 patent has caused and will continue to cause damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284. Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

**COUNT FOUR**

**(Infringement by Yahoo! U.S. Patent No. 6,216,133)**

18.     Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim as if fully set forth herein.

19.     Facebook is the owner of all right, title, and interest in U.S. Patent No. 6,216,133 (the "'133 patent"), entitled "Method for Enabling a User to Fetch a Specific Information Item from a Set of Information Items and a System for Carrying Out Such a Method," issued by the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

U.S. Patent and Trademark Office on April 10, 2001.  A true and correct copy of the '133 patent
is attached as **Exhibit D.**

20.     Yahoo! has infringed and is continuing to infringe the '133 patent by making,
using, selling and/or offering to sell in the United States, or importing into the United States,
products or processes that practice the '133 patent in violation of 35 U.S.C. § 271(a), including
without limitation ads displayed on Yahoo! pages including, by way of example only, ads
displayed on My Yahoo!, Yahoo! Finance, Yahoo! Sports, Yahoo! News, Yahoo! Games, Yahoo!
Movies, Yahoo! Shopping, Yahoo! Travel, Yahoo! Autos and the Flickr photo sharing service.

21.     Yahoo!'s infringement of the '133 patent has caused and will continue to cause
damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284.
Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate
remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

## COUNT FIVE

### (Infringement by Yahoo! of U.S. Patent No. 6,411,949)

22.     Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim
as if fully set forth herein.

23.     Facebook is the owner of all right, title, and interest in U.S. Patent No. 6,411,949
(the "'949 patent"), entitled "Customizing Database Information for Presentation with Media
Selections," issued by the U.S. Patent and Trademark Office on June 25, 2002.  A true and correct
copy of the '949 patent is attached as **Exhibit E.**

24.     Yahoo! has infringed and is continuing to infringe the '949 patent by making,
using, selling and/or offering to sell in the United States, or importing into the United States,
products or processes that practice the '949 patent in violation of 35 U.S.C. § 271(a), including
without limitation ads displayed on Yahoo! pages including, by way of example only, ads
displayed on My Yahoo!, Yahoo! Finance, Yahoo! Sports, Yahoo! News, Yahoo! Games, Yahoo!
Movies, Yahoo! Shopping, Yahoo! Travel, Yahoo! Autos and the Flickr photo sharing service.

25.     Yahoo!'s infringement of the '949 patent has caused and will continue to cause

Cooley LLP
Attorneys At Law
Palo Alto

damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284. Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

**COUNT SIX**

**(Infringement by Yahoo! of U.S. Patent No. 6,236,978)**

26.     Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim as if fully set forth herein.

27.      Facebook is the owner of all right, title, and interest in U.S. Patent No. 6,236,978 (the "'978 patent"), entitled "System and Method for Dynamic Profiling of Users in One-to-One Applications," issued by the U.S. Patent and Trademark Office on May 22, 2001.  A true and correct copy of the '978 patent is attached as **Exhibit F**.

28.     Yahoo! has infringed and is continuing to infringe the '978 patent by making, using, selling and/or offering to sell in the United States, or importing into the United States, products or processes that practice the '978 patent in violation of 35 U.S.C. § 271(a), including without limitation ads displayed on Yahoo! pages including, by way of example only, ads displayed on My Yahoo!, Yahoo! Finance, Yahoo! Sports, Yahoo! News, Yahoo! Games, Yahoo! Movies, Yahoo! Shopping, Yahoo! Travel, Yahoo! Autos and the Flickr photo sharing service.

29.     Yahoo!'s infringement of the '978 patent has caused and will continue to cause damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284. Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

**COUNT SEVEN**

**(Infringement by Yahoo! of U.S. Patent No. 7,603,331)**

30.     Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim as if fully set forth herein.

31.     Facebook is the owner of all right, title, and interest in U.S. Patent No. 7,603,331 (the "'331 patent"), entitled "System and Method for Dynamic Profiling of Users in One-to-One Applications and for Validating User Rules," issued by the U.S. Patent and Trademark Office on

Cooley LLP
Attorneys At Law
Palo Alto

16.

Facebook, Inc.'s Answer and
Counterclaims
CV-12-01212-JSW

October 13, 2009.  A true and correct copy of the '331 patent is attached as **Exhibit G.**

32.    Yahoo! has infringed and is continuing to infringe the '331 patent by making, using, selling and/or offering to sell in the United States, or importing into the United States, products or processes that practice the '331 patent in violation of 35 U.S.C. § 271(a), including without limitation ads displayed on Yahoo! pages including, by way of example only, ads displayed on My Yahoo!, Yahoo! Finance, Yahoo! Sports, Yahoo! News, Yahoo! Games, Yahoo! Movies, Yahoo! Shopping, Yahoo! Travel, Yahoo! Autos and the Flickr photo sharing service.

33.    Yahoo!'s infringement of the '331 patent has caused and will continue to cause damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284. Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

## COUNT EIGHT

### (Infringement by Yahoo! of U.S. Patent No. 8,103,611)

34.    Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim as if fully set forth herein.

35.     Facebook is the owner of all right, title, and interest in U.S. Patent No. 8,103,611 (the "'611 patent"), entitled "Architectures, Systems, Apparatus, Methods, and Computer-Readable Medium for Providing Recommendations to Users and Applications Using Multidimensional Data," issued by the U.S. Patent and Trademark Office on January 24, 2012.  A true and correct copy of the '611 patent is attached as **Exhibit H**.

36.    Yahoo! has infringed and is continuing to infringe the '611 patent by making, using, selling and/or offering to sell in the United States, or importing into the United States, products or processes that practice the '611 patent in violation of 35 U.S.C. § 271(a), including without limitation ads displayed on Yahoo! pages including, by way of example only, ads displayed on My Yahoo!, Yahoo! Finance, Yahoo! Sports, Yahoo! News, Yahoo! Games, Yahoo! Movies, Yahoo! Shopping, Yahoo! Travel, Yahoo! Autos and the Flickr photo sharing service.

37.    Yahoo!'s infringement of the '611 patent has caused and will continue to cause damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

17.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

1    Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate

2    remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

3                              **COUNT NINE**

4            **(Infringement by Yahoo! of U.S. Patent No. 8,005,896)**

5        38.    Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim

6    as if fully set forth herein.

7        39.    Facebook is the owner of all right, title, and interest in U.S. Patent No. 8,005,896

8    (the "'896 patent"), entitled "System for Controlled Distribution of User Profiles Over a

9    Network," issued by the U.S. Patent and Trademark Office on August 23, 2011.  A true and

10   correct copy of the '896 patent is attached as **Exhibit I**.

11       40.    Yahoo! has infringed and is continuing to infringe the '896 patent by making,

12   using, selling and/or offering to sell in the United States, or importing into the United States,

13   products or processes that practice the '896 patent in violation of 35 U.S.C. § 271(a), including

14   without limitation the ability to establish relationships with other users and set privacy settings on

15   the Yahoo! Flickr photo sharing service.

16       41.    Yahoo!'s infringement of the '896 patent has caused and will continue to cause

17   damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284.

18   Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate

19   remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

20                              **COUNT TEN**

21           **(Infringement by Yahoo! of U.S. Patent No. 8,150,913)**

22       42.    Facebook incorporates by reference paragraphs 1 through 4 of this Counterclaim

23   as if fully set forth herein.

24       43.    Facebook is the owner of all right, title, and interest in U.S. Patent No. 8,150,913

25   (the "'913 patent"), entitled "System for Controlled Distribution of User Profiles Over a

26   Network," issued by the U.S. Patent and Trademark Office on April 3, 2012.  A true and correct

27   copy of the '913 patent is attached as **Exhibit J.**

28       44.    Yahoo! has infringed and is continuing to infringe the '913 patent by making,

Cooley LLP
Attorneys At Law
Palo Alto

18.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW

using, selling and/or offering to sell in the United States, or importing into the United States, products or processes that practice the '913 patent in violation of 35 U.S.C. § 271(a), including without limitation the ability to establish relationships with other users and set privacy settings on the Yahoo! Flickr photo sharing service.

45.     Yahoo!'s infringement of the '913 patent has caused and will continue to cause damage to Facebook for which Facebook is entitled to recovery under 35 U.S.C. § 284. Facebook has been irreparably harmed by Yahoo!'s infringement, for which there is no adequate remedy at law, and such harm will continue unless Yahoo! is enjoined by this Court.

## **RELIEF REQUESTED BY FACEBOOK**

WHEREFORE, with respect to Yahoo!'s Complaint for Patent Infringement, Facebook prays that this Court enter judgment:

A.     In favor of Facebook and against Yahoo!, thereby dismissing Yahoo!'s Complaint in its entirety, with prejudice, with Yahoo! taking nothing by way of its claims;

B.     That Facebook has not infringed, contributorily infringed, or induced infringement of, and is not now infringing, contributorily infringing, or inducing infringement of any valid claim of the Yahoo! patents-in-suit, either willfully or otherwise, under any subsection of 35 U.S.C. § 271;

C.     That all asserted claims of the Yahoo! patents-in-suit are invalid and/or unenforceable; and

AND WHEREFORE, with respect to its Counterclaim for Patent Infringement Against Yahoo!, Facebook prays that this Court enter judgment:

D.     That Yahoo! has infringed the claims of the Facebook patents-in-suit as alleged above;

E.     That Facebook be awarded damages adequate to compensate Facebook for Yahoo!'s infringement under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

F.     That Yahoo! be permanently enjoined from further infringement of the Facebook patents-in-suit;

Cooley LLP
Attorneys At Law
Palo Alto

19.

Facebook, Inc.'s Answer and
Counterclaims
CV-12-01212-JSW

G.    That this is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Yahoo! to pay Facebook's reasonable attorneys' fees incurred in this action;

H.    That Yahoo! pay all costs incurred by Facebook in this action; and

I.    Awarding Facebook all other relief the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

With respect to its Counterclaim, Facebook demands a jury trial for all issues so triable.

Dated: April 3, 2012                          Respectfully submitted,


                                              */s/ Stephen C. Neal*
                                              Stephen C. Neal
                                              Michael C. Rhodes
                                              Heidi L. Keefe
                                              Mark Weinstein
                                              COOLEY LLP
                                              5 Palo Alto Square
                                              3000 El Camino Real
                                              Palo Alto, CA 94306-2155
                                              Telephone:   (650) 843-5000

                                              William F. Lee (*Pro Hac Vice* Pending)
                                              Cynthia D. Vreeland (*Pro Hac Vice* Pending)
                                              WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                              60 State Street
                                              Boston, MA  02109
                                              Telephone:   (617) 526-6000

                                              Mark D. Selwyn
                                              Joseph F. Haag
                                              WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                              950 Page Mill Road
                                              Palo Alto, CA  94304
                                              Telephone:   (650) 858-6000

                                              Attorneys for Defendant
                                              FACEBOOK, INC.

1020260 v2/HN

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

20.

FACEBOOK, INC.'S ANSWER AND
COUNTERCLAIMS
CV-12-01212-JSW